UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80959-CIV-MARRA/JOHNSON

A.G.D. and A.T.D., minor children, by and
through their parents and next friends,
GINA ENNETTE DORTCH and KELLY
HAYNES DORTCH,

    Plaintiffs,
vs.

DONNA L. SIEGEL, individually, GRANDMA'S
PLACE, INC., f/k/a KIDSANCTUARY, INC., a
non-profit corporation, and FATHER FLANAGAN'S
BOYS HOME d/b/a GIRLS AND BOYS TOWN
OF SOUTH FLORIDA, a non-profit corporation,

    Defendants.
_____/

## ORDER AND OPINION ON MOTIONS TO DISMISS
## AND FOR MORE DEFINITE STATEMENT

**THIS CAUSE** is before the Court upon Defendant, Grandma's Place, Inc. f/k/a Kidsanctuary, Inc.'s ("Grandma's Place") Motion for More Definite Statement Under Rule 12(e) (DE 17) and Defendants Donna L. Siegel ("Siegel") and Father Flanagan's Boys Home d/b/a Girls and Boys Town of South Florida's ("Father Flanagan's") Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (DE 19) (collectively, "Defendants"). Plaintiffs A.G.D. and A.T.D., minor children, by and through their parents and next friends, Gina Ennette Dortch and Kelly Haynes Dortch ("Plaintiffs") filed a response to the motions (DE 22), and Defendants filed replies (DE's 26, 27). The Court has carefully reviewed the motion, the response, and the replies, and is otherwise fully advised in the premises.

**Background**

On June 26, 2009, Plaintiffs filed a Complaint alleging claims for Violation of 42 U.S.C. § 1983 against Defendants Siegel and Father Flanagan's (Count I); negligence against Defendants Siegel and Father Flanagan's (Count II); and negligence against Grandma's Place (Count III). The claims arise from alleged physical and sexual abuse against the minor Plaintiffs A.G.D. and A.T.D. while they were in a foster home in June, 2005.

According to the allegations in the Complaint, Plaintiff A.G.D. (date of birth July 7, 2001) and Plaintiff A.T.D. (date of birth December 10, 1999) were at all relevant times minor children in the legal and physical custody of the Florida Department of Children and Families ("DCF") and resided in Palm Beach County, Florida. Comp. ¶¶ 2-3. Plaintiffs A.G.D. and A.T.D. were adopted by Plaintiffs Gina Ennette Dortch and Kelly Haynes Dortch on June 19, 2008. Comp. ¶ 4.

In June, 2005, after being taken from their family by DCF, A.G.D. and A.T.D., ages three and five respectively, were placed in a foster home (Defendant Grandma's Place)[1] operated by David and Anitha Anderson. Comp. ¶ 16, 18. While there, Plaintiffs were physically and sexually assaulted and abused by house parent and primary care giver David Anderson, including physical torture, oral sex and sodomy. Comp. ¶ 6, 19.

In Count I, violation of 42 U.S.C. § 1983 against Defendants Siegel and Father Flanagan's, Plaintiffs allege that Defendants placed Plaintiffs in Grandma's Place while knowing that (1) David and Anitha Anderson were unfit to provide shelter care to children; (2) a child

---

[1] Plaintiffs were placed at Grandma's Place from on or about June 7, 2005 - June 28, 2005. Comp. ¶ 31.

placed in Grandma's place was at a substantial risk of serious harm from sexual and physical abuse; (3) A.G.D. and A.T.D., as children with special needs and disabilities, were particularly vulnerable to sexual and physical abuse by a care giver; (4) Plaintiffs were being left in dangerous conditions, subjected to a substantial risk of sexual and physical abuse by David Anderson; (5) Grandma's Place was not supervised at all times by adult care givers screened and approved by DCF.  Comp. ¶¶ 23-28.  Defendants intentionally and deliberately failed to monitor, supervise, or discover what was occurring to children in Grandma's Place, particularly the neglect and abuse of foster children occurring in the home. Comp. ¶ 28.  Defendants placed Plaintiffs at substantial risk of harm from sexual and physical abuse by failing to investigate David and Anitha Anderson as foster parents or consider the safety of Plaintiffs when under their care. Comp. ¶ 29.  Despite having the authority and means to protect Plaintiffs from unconstitutional harm, Defendants acted with deliberate indifference in placing and leaving Plaintiffs in Grandma's Place, resulting in permanent harm and damages to Plaintiffs. Comp. ¶ 31-32.

In Count II, negligence against Defendants Siegel and Father Flanagan's, Plaintiffs allege that Father Flanagan's, by contract with Child and Family Connections, Inc. ("CFC"), provided caseworker and family counselor services to children in the foster care system in Palm Beach County. Comp. ¶ 35.   Siegel was employed by Father Flanagan's and was responsible for providing foster care related services to Plaintiffs. Comp. ¶ 35.  Father Flanagan's and Siegel failed to exercise reasonable care in the performance of their duties by (1) allowing and enabling Plaintiffs to be placed in Grandma's Place under the care and protection of David and Anitha Anderson; (2) failing to adequately supervise, evaluate, investigate and take remedial action

regarding Grandma's Place; (3) failing to assure that Plaintiffs were supervised and protected at all times by appropriate care givers, all resulting in permanent harm and damages to Plaintiffs. Comp. ¶¶ 37-44.

In Count III, negligence against Grandma's Place, Plaintiffs alleged that Defendant, a licensed foster home, breached its duty to the foster children in its custody and care to protect them from harm, including physical and sexual abuse. Comp. ¶¶ 46-47. Defendant hired and retained David and Anitha Anderson to be foster parents and provide foster care to special needs children, when it knew or should have known that a child in David Anderson's care would be subjected to a substantial risk of being physically and sexually abused. Comp. ¶ 50. Defendant failed to adequately (1) supervise David and Anitha Anderson in their operation of its foster home and their care of special needs foster children; (2) supervise David and Anitha Anderson in their care of Plaintiffs; (3) supervise David Anderson regarding his acts and omissions in the foster home; and (4) monitor and supervise the foster home where Plaintiffs were placed in June, 2005, all resulting in permanent harm and damages to Plaintiffs. Comp. ¶¶ 51-55.

Defendants Siegel and Father Flanagan's move to dismiss the Complaint, arguing that Plaintiffs' claims predicated upon alleged abuse occurring on or before June 25, 2005 are barred by a four-year statute of limitations. See DE 19. Alternatively, Siegel and Father Flanagan's move for a more definite statement, requesting that the Court require Plaintiffs to designate and identify the specific dates on which the alleged abuse occurred. See id. Defendant Grandma's Place moves for a more definite statement under Federal Rule of Civil Procedure 12(e), arguing that the negligence claim against it is subject to a four-year statute of limitations and requesting that the Court require Plaintiffs to provide a more definite statement with specific dates of the alleged abuse for Defendant "to determine whether it has a threshold defense under the statute of

limitations." See DE 17.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Sisk v. Texas Parks and Wildlife Dep't, 644 F.2d 1056, 1059 (5th Cir. 1981).[2]  Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996).  Plaintiff has the burden to provide Defendants with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." Dennis v. Begley Drug Co. of Tennessee, Inc., 53 F.R.D. 608, 609 (E.D. Tenn. 1971).  However, a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the "purpose of discovery is to find out additional facts about

---

[2]In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

a well-pleaded claim, not to find out whether such a claim exists." Stoner v. Walsh, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

**Discussion**

A statute of limitations bar is "an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint." LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993)).  A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.  Id.; Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003); Carmichael v. Nissan Motor Acceptance Corp., 291 F.3d 1278, 1279 (11th Cir. 2002).  To dismiss a claim as time-barred, it must appear beyond a doubt from the complaint itself that the plaintiff can prove no set of facts which would avoid a statute of limitations bar.  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); see Berkson v. Del Monte Corp., 743 F.2d 53, 55 (1st Cir. 1984); see, e.g., Autry Petroleum Co. v. BP Products North America, Inc., 2006 WL 1174443, * 4 (M.D. Ga. 2006) ("Plaintiffs' Complaint may be dismissed only if, from the face of the Complaint, it is apparent (1) that the statute of limitations has run and (2) that there are no facts that Plaintiffs could prove that would support a finding that BP has committed a fraud which prevented Plaintiffs from bringing the action at an earlier time.").  Additionally, as it relates to a motion for more definite statement:

> [T]here should be a bias against the use of the Rule 12(e) motion as a precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold defense. This practice is not authorized by the language of the rule and experience has shown that a willingness to grant Rule 12(e) motions often leads to delay, harassment, and proliferation of the pleading stage without any commensurate gain in issue definition or savings in time.

Wright & Miller, Federal Practice & Procedure § 1376.

In this case, even if Defendants were correct that the four-year statute of limitations was to run from the dates of the alleged abuse (which they are not, see infra), the motions to dismiss or for more definite statement of the Complaint are without merit. Plaintiffs have clearly alleged at least some dates in their Complaint, i.e., June 26-June 28, 2005, that fall within an actionable time frame.[3]

Moreover, the dates of the alleged abuse are not determinative of the accrual of the statue of limitations. As a general rule under Florida law, the statute of limitations begins to run when a plaintiff has been put on notice of his right of action. Drake By and Through Fletcher v. Island Community Church, Inc., 462 So.2d 1142, 1143 (Fla. 3d DCA 1984). Additionally, under federal law, the discovery rule applies, such that an action does not accrue until the plaintiff should have known of his injury and its cause. White v. Mercury Marine, 129 F.3d 1428, 1435 (11th Cir. 1997). "In Florida, a minor child is incapable of bringing an action in his own behalf." Drake, 462 So.2d at 1144 , citing Fla.R.Civ.P. 1.210(b). Accordingly, the statute of limitations does not begin to run in a case of abuse against the minor child, such as the present case, "until the parent knew or reasonably should have known those facts which supported a cause of action." Id. at 1144. See also S.A.P. v. State, Dept. of Health and Rehabilitative Services, 704 So.2d 583, 586 (Fla. 1st DCA 1997) ("Thus, the statute of limitations will begin to run as to the parents or the legal guardian of the minor, in their capacity of next friend, when the parents or guardian knew or reasonably should have known of the invasion of legal rights."). Here, the Complaint alleges that minor children A.G.D. and A.T.D. were removed from their natural parents but were

---

[3]The Court also notes that three and five year old children are unable to discern between particular dates in the calendar.

not adopted by Plaintiffs Gina and Kelly Dortch until June 19, 2008 by court order. See Comp. ¶¶ 2-4. Accordingly, at the very least, there are questions of fact as to when a parent or guardian of Plaintiffs could conceivably have known or should have known of the allegations of abuse in this case. In addition to factual issues regarding the accrual of the cause of action, statutory tolling under Florida law may also be applicable here. Florida Statute § 95.051(h) tolls the running of the time under any statute of limitations by "[t]he minority . . . of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist", so long as the action is commenced within 7 years of the act giving rise to the cause of action.

Thus, the Court cannot conclude, as a matter of law, that it is apparent that the statute of limitations has run. The facts relating to when Plaintiffs knew or should have known of the alleged abuse and relating to the question of tolling should be explored through discovery.

**Conclusion**

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** as follows: (1) Defendant Grandma's Place's Motion for More Definite Statement Under Rule 12(e) (DE 17) is **DENIED**; and (2) Defendants Siegel and Father Flanagan's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (DE 19) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of November, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record